# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OK JIN YUN,<br><br>    Plaintiff<br><br>vs.<br><br>CITY OF LOS ANGELES, a public entity, JUAN CARRANZA #42109, an individual, JUDITH ROMO #37263, an individual, and DOES 1 through 10 inclusive.<br><br>    Defendants | CASE NO.: 2:16-cv-05468-SVW-KS<br><br>[PROPOSED] PROTECTIVE ORDER RE: DISCLOSURE OF CONFIDENTIAL INFORMATION |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Proposed Protective Order re: Disclosure of Confidential Information ("Stipulation") filed on October 24, 2016, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been modified by the Court's amendment of sections 1, 2, 3, 4, 5, 6, 7, 10, 11, 12, 13, 15, 17 of, and Attachment A to, the Stipulation.

## AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

**1. A. PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential,

---

[1] The Court's additions to the agreed terms of the Protective Order are generally indicated in bold typeface, and the Court's deletions are indicated by lines through the text being deleted.

[PROPOSED] PROTECTIVE ORDER RE: DISCLOSURE OF
CONFIDENTIAL INFORMATION
1

**proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.**

### B. GOOD CAUSE STATEMENT

~~WHEREAS,~~ Plaintiffs are seeking materials and information that Defendants City of Los Angeles, et al.,("City Defendants") maintain as confidential, such as personnel files of the police officers involved in this incident, Force Investigation Division materials and information, Internal Affairs materials and information, in-car video tapes and other administrative materials and information currently in the possession of the City Defendants and which the City Defendants believe need special protection from public disclosure and from use for any purpose other than prosecuting this litigation; ~~WHEREAS,~~ Plaintiffs are also seeking official information contained in the personnel files of the involved police officers, LAPD Officers, which the City Defendants maintain as strictly confidential and which the City Defendants believe need special protection from public disclosure and from use for any purpose other than prosecuting this litigation; ~~WHEREAS,~~ the City Defendants assert that the

confidentiality of the materials and information sought by Plaintiffs is recognized by California and federal law, as evidenced *inter alia* by *California Penal Code* section 832.7 and *Kerr v. United States Dist. Ct. for N.D. Cal.*, 511 F.2d 192, 198 (9th Cir. 1975), aff'd, 426 U.S. 394 (1976); ~~WHEREAS,~~ the City Defendants have not publicly released the materials and information referenced above except under protective order or pursuant to court order, if at all; ~~WHEREAS,~~ these materials and information are of the type that has been used to initiate disciplinary action against Los Angeles Police Department ("LAPD") officers, and has been used as evidence in disciplinary proceedings, where the officers' conduct was considered to be contrary to LAPD policy; ~~WHEREAS,~~ absent a protective order delineating the responsibilities of nondisclosure on the part of the parties hereto, there is a specific risk of unnecessary and undue disclosure by one or more of the many attorneys, secretaries, law clerks, paralegals and expert witnesses involved in this case, as well as the corollary risk of embarrassment, harassment and professional and legal harm on the part of the LAPD officers referenced in the materials and information; ~~WHEREAS,~~ the unfettered disclosure of the materials and information, absent a protective order, would allow the media to share this information with potential jurors in the area, impacting the rights of the City Defendants herein to receive a fair trial.

### ~~ORDER ON STIPULATION~~

~~Accordingly, the Court Orders as follows:~~

~~1.~~ **2.** Defendants (hereinafter "Disclosing Party(ies)") may designate as confidential any personnel files, videos, Internal Affairs materials or any other materials or writing that they, in good faith, believe is protected from disclosure within the meaning of FRCivP 26(g), in that they believe the material contains confidential or private information. Such materials may be classified as subject to this protective

**~~[PROPOSED]~~ PROTECTIVE ORDER RE: DISCLOSURE OF CONFIDENTIAL INFORMATION**

3

order by marking the material, each document or writing with a watermark that includes words such as "Confidential," "Confidential Documents," "Confidential Material," "Subject to Protective Order," or words of a similar effect, and that includes the case name and case number.  Materials and writings so designated, and all privileged information derived therefrom [hereinafter collectively referred to as "Confidential Material" **or "Protected Material"**], shall be treated in accordance with the terms of this Stipulation.  In making this designation, the Disclosing Parties are also representing that no portion of the materials is segregable and, therefore, subject to production without restriction as "Confidential."

2. Confidential Material may be used by the persons receiving such information [hereinafter "Receiving Party(ies)"] only for the purpose of litigation of this case, and for such other purposes as permitted by law.

3. **SCOPE:** This Stipulation applies not only to the Confidential Material, but also to (1) any information copied or extracted from the Confidential Material; (2) all copies, excerpts, summaries or compilations of Confidential Material; and (3) any testimony, conversations, or presentations by Receiving Parties that might reveal Confidential Material. **Any use of Confidential Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Confidential Material at trial.**

4. **DURATION**

**Once a case proceeds to trial, all of the information that was designated as confidential or maintained pursuant to this protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance**

of the trial. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

5. **ACCESS TO AND USE OF PROTECTED MATERIAL:**

**5.1    Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 11 below on final disposition. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**5.2    Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

~~Subject to the further conditions imposed by this Stipulation, the Confidential Material may only be disclosed to the Court and to the following "qualified" persons:~~

(a)    Counsel of record for the parties to this civil litigation;

(b)    Defendants City of Los Angeles and Los Angeles Police Department;

**[PROPOSED] PROTECTIVE ORDER RE: DISCLOSURE OF CONFIDENTIAL INFORMATION**

5

   (c) Attorneys, paralegals, law clerks, stenographic, clerical and secretarial personnel who are employees in the offices of counsel referred to in subparagraph (a);

   (d) Parties to the litigation;

   (e) Expert witnesses consulted and/or retained for this action; and

   (f) The judge and court personnel, including stenographic reporters.

 ~~5.~~ Prior to the disclosure of any Confidential Material to any person described in paragraph 3(a), (c) or (d), counsel for the Receiving Party who seeks to use or disclose such Confidential Material shall first provide a copy of this Stipulation and have the individual to whom the Receiving Party intends to disclose said Confidential Material sign the Nondisclosure Agreement set forth in Attachment "A", stating that the person has received and read a copy of the Stipulation and understands that s/he is bound by the terms of the Stipulation.

 **6.** **DESIGNATING PROTECTED MATERIAL**

 **6.1** **Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.**

 **Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development**

**[PROPOSED] PROTECTIVE ORDER RE: DISCLOSURE OF CONFIDENTIAL INFORMATION**

6

process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6.2  **Manner and Timing of Designations.** Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for

**protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).**

   **(b)    for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.**

   **(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).**

   ~~6~~7.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**7.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.**

**7.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.**

**7.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to**

**afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.** Unless made on the record in this litigation, counsel making the disclosure to any qualified person described herein shall retain the original executed copy of the Nondisclosure Agreements until thirty (30) days after this litigation has become final, including any appellate review, and monitoring of an injunction. Counsel for the Receiving Party shall maintain all signed Nondisclosure Agreements and shall produce the original signature page upon reasonable written notice from opposing counsel. If an issue arises regarding a purported unauthorized disclosure of Confidential Material, upon noticed motion of contempt filed by the Disclosing Parties, counsel for the Receiving Party may be required to file the signed Nondisclosure Agreements, as well as a list of the disclosed materials, in camera with the Court having jurisdiction of the Stipulation.

7**8**.   The court reporter, videographer, and audiographer, if any, who record all or part of the depositions in this matter of Defendants City of Los Angeles and Los Angeles Police Department, or any other current or former employee of the Los Angeles Police Department shall be subject to this Order. In preparing the original deposition videotape, audiotape, or portions thereof, any copies thereof, or portions of copies thereof, all materials and testimony designated as "Confidential Material" shall be segregated from the rest of the deposition. No copies of such segregated "Confidential Material" portions of the materials described above shall be provided to any persons other than those persons identified in paragraph 4. Nothing in this agreement is intended to limit the rights of third parties to obtain such Confidential Material through discovery and subpoena power in other proceedings, subject to a motion for a protective order filed in those proceedings by the party seeking to prevent disclosure of the Confidential Material.

~~8~~**9**. If any "Confidential Material" or testimony derived from such materials occurs at a deposition, those attending such portions of the depositions shall be bound by this Order and, therefore, shall not disclose to any person or entity, in any manner, including orally, any statements made by Defendants City of Los Angeles and Los Angeles Police Department, or any other current or former employee of the Los Angeles Police Department during the "Confidential" sections of said depositions.

~~9~~.**10** **If timely corrected,** an inadvertent failure to designate qualified materials or items does not, standing alone, waive the Disclosing Party's right to secure protection under this Order for such material. Upon being notified of the correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with th~~is~~**e** provisions of this Order.

**11**~~0~~. Upon final termination of this litigation, including any appeal pertaining thereto, all materials still classified as Confidential Material at that time, and all copies thereof, including copies provided to any qualified person in paragraph 3 herein above, shall be returned to the Disclosing Party within thirty (30) days **upon written request.**

**12**~~1~~. If any Receiving Party who receives Confidential Material is served with a subpoena**, court order,** or other request seeking Confidential Material, s/he or it shall immediately give written notice to counsel for the Disclosing Parties, **including a copy of the subpoena or court order, and** identifying the Confidential Material sought and the time in which production or other disclosure is required. Such notice shall be given sufficiently in advance of the date for production or other disclosure so that the Disclosing Parties have the opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material. The Receiving Party also shall immediately give notice to the party who caused the subpoena or other request to issue

that the material is subject to this **Protective** Order and include a copy of this **Protective** Order. In no event should production or disclosure be made without prior written approval by the Disclosing Party's Counsel unless required by court order arising from a motion to compel production or disclosure of Confidential Material.

  **13**~~2~~. **Any party seeking to submit Confidential Material to the Court that is contained in or incorporated as part of a**~~A~~ny pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions ~~to the Court~~ in this litigation **may file an application to file such materials under seal in accordance with** ~~which contain or incorporate Confidential Material shall be filed and maintained in accordance with~~ Local Rule 79-5, which governs the filing of materials under seal. ~~Any other pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions that refer but do not contain or incorporate Confidential Material, shall designate the particular aspects that are confidential so as to enable the Court, in drafting presumptively public orders relating to these filings under seal, to determine whether there is evidence which the Court should attempt not to disclose. If any papers to be filed with the Court contain protected information, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the protected information, under seal and that the application shall be directed to the judge to whom the papers are directed.~~ Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

  1**4**~~3~~. Counsel for the parties agree to request that any motions, applications or other pre-trial proceedings which would entail the disclosure of Confidential Material be heard by the Court in a manner that would preserve the confidential nature of the information, unless having heard opposition from counsel to such a process, the court orders otherwise.

15~~4~~. Nothing herein shall prejudice any party's rights to object **on any ground** to the introduction of any Confidential Material into evidence.

16~~5~~. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

17~~6~~. Any party bound by this Stipulation who contests the confidential nature of materials produced pursuant to this Stipulation may move the Court for an order to have the materials removed from the protective order and to have the materials declared not confidential, or otherwise move to modify the Stipulation as to some or all of the materials. **Any modification takes effect only upon a court order approving it.**

18~~7~~. Any procedures specified above in this Protective Order are in addition to, and not in lieu of, compliance with the local rules regarding discovery motions.

**FOR GOOD CAUSE SHOWN,** IT IS SO ORDERED.

**Dated: October 26, 2016**      **By:** _Karen L. Stevenson_
                                  **HONORABLE KAREN L. STEVENSON**
                                  **UNITED STATES DISTRICT JUDGE**

**[PROPOSED] PROTECTIVE ORDER RE: DISCLOSURE OF CONFIDENTIAL INFORMATION**
12

# ATTACHMENT "A"
# NONDISCLOSURE AGREEMENT

I, _____ of _____ [print or type full address], ~~do solemnly swear~~ **declare under penalty of perjury** that I ~~am fully familiar with the terms of the Protective Order~~ **I have read in its entirety and understand the Stipulated Protective Order** ~~entered in~~ **that was issued by the United States District Court for the Central District of California on October 26, 2016 in the case of** *~~Maria Teresa Abrego, et al.,~~* ***Ok Jin Yun*** *v. City of Los Angeles, et al.*, ~~United States District Court for the Central District of California, Central Division,~~ Case No. ~~No.CV15-00039 BRO (JEMx),~~ **2:16-cv-05468-SVW-KS,** and hereby agree to comply with and be bound by the terms and conditions of said Order **and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.** I ~~hereby consent~~ **further agree to submit** to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing this Order, **even if such enforcement proceedings occur after termination of this action.**

Dated: _____

**City and State where sworn and signed:** _____

**Printed name:** _____

Signed: _____

**[PROPOSED] PROTECTIVE ORDER RE: DISCLOSURE OF CONFIDENTIAL INFORMATION**

13